IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THOMAS OLIVAS,

    Plaintiff,

v.                                                                     No. 2:25-cv-151-GBW-KRS

CHAVES COUNTY BOARD OF COUNTY
COMMISSIONERS; WARDEN JUSTIN PORTER;
DETENTION OFFICER CLINT McCLAIN;
DETENTION OFFICER KIMBERLY SEGOVIA;
DETENTION OFFICER LEE; DETENTION OFFICER
LEVI GUSTAMANTES; and DETENTION OFFICER
G. MOYA-SANCHEZ,

    Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court sua sponte. The complaint was filed on February 25, 2025, and names seven defendants: the Chaves County Board of County Commissioners ("the County"); Justin Porter, the Warden of the Chavez County Detention Center; and Detention Officers McClain, Segovia, Lee, Gustamantes, and Moya-Sanchez. To date, the docket shows an appearance and answer have been filed on behalf of only the County and Officers McClain and Segovia. Plaintiff claims to have served Warden Porter on March 11, 2025, but the service may be defective. *See* (Doc. 5 (Return of Service)). If it was not defective, Warden Porter's answer was due April 1, 2025. To date, the record reflects no responsive pleading on behalf of Warden Porter, nor does it reflect any activity by Plaintiff to proceed with his claims against Warden Porter. The docket also does not reflect any attempt whatsoever by Plaintiff to serve Officers Lee, Gustamantes and Moya-Sanchez, or to proceed with his claims against those defendants.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without

prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). In addition, Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also* D.N.M. LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) calendar days, no steps are taken to move the case forward.").

More than ninety days have passed since Plaintiff took any step to move this case forward as to Defendants Porter, Lee, Gustamantes, and Moya-Sanchez. **IT IS THEREFORE ORDERED** that on or before **July 3, 2025**, Plaintiff must respond to this Order to Show Cause by providing the Court with a written explanation showing good cause for his failure to serve and/or prosecute his claims against Defendants Porter, Lee, Gustamantes, and Moya-Sanchez. If Plaintiff cannot show good cause, he must provide an explanation for why the Court should grant a permissive extension of time to serve those defendants in lieu of dismissing his claims against them for failure to serve and/or prosecute. If Plaintiff can show neither good cause nor an adequate reason for the Court to grant a permissive extension of time to serve any unserved defendant, or if Plaintiff fails to file a timely response to this Order, the Court may recommend that his claims against Defendants Porter, Lee, Gustamantes, and Moya-Sanchez be dismissed without prejudice.

Because the County has appeared and answered the complaint, the Rule 16 conference on July 9, 2025 will proceed as scheduled.

IT IS SO ORDERED this 24th day of June, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE