**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

THOMAS OLIVAS,

      Plaintiff,

    vs.                                No. 2:25-cv-151-GBW-KRS

CHAVES COUNTY BOARD OF COUNTY
COMMISSIONERS; JUSTIN PORTER;
CLINT McCLAIN; KIMBERLY SEGOVIA;
OFFICER LEE; LEVI GUSTAMANTES; and
G. MOYA-SANCHEZ,

      Defendants.

**ORDER QUASHING ORDER TO SHOW CAUSE, AND GRANTING EXTENSION
OF TIME TO SERVE DEFENDANTS PORTER, LEE, GUSTAMANTES, AND MOYA-
SANCHEZ**

    **THIS MATTER** is before the Court after Plaintiff filed a Response (Doc. 14) to the Court's

Order To Show Cause ("OTSC") (Doc. 12). For the reasons that follow, the Court QUASHES the

OTSC, and grants Plaintiff's request for additional time to serve Defendants Porter, Lee,

Gustamantes, and Moya-Sanchez.

    On June 24, 2025, the Court issued the OTSC, noting that four months had passed since the

case had been filed yet the docket showed that Defendants Porter, Lee, Gustamantes, and Moya-

Sanchez had not appeared in the case and no legally sufficient proof of service on those Defendants

had been filed. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made

to the court.").[1] Accordingly, the Court ordered Plaintiff to show cause why this case should not be

_____

[1] No return of service has been filed for Defendants Lee, Gustamantes and Moya-Sanchez, but the
docket does include a return of service for Defendant Porter. The return shows that Porter was served
by certified mail addressed to "Detention Center, 3701 S. Atkinson Ave., Roswell, New Mexico."
(Doc. 5). As Plaintiff appears to concede by his response, the return is insufficient to establish service
on Defendant Porter: the certified mailing certificate is not addressed to Porter by name, and, in
addition, the delivery receipt includes a signature of a person other than Defendant Porter and Plaintiff

dismissed as to Defendants Porter, Lee, Gustamantes, and Moya-Sanchez for failure to serve those Defendants within the time prescribed by Rule 4(m),[2] or, if adequate service could be shown, for failure to prosecute Plaintiff's claims against those Defendants by moving for entry of default. [3]

Plaintiff's response to the OTSC states that Plaintiff has been unable to serve Defendants Porter, Lee, Gustamantes, and Moya-Sanchez because Plaintiff has learned that those individuals are no longer employed by Chaves County. *See* (Doc. 14). Plaintiff states that he has hired a private investigator to locate Defendants Porter, Lee, Gustamantes, and Moya-Sanchez, and he requests an extension of time to complete service.

If a plaintiff shows good cause for delay, an extension of the 90-day service deadline is mandatory. *See* Fed. R. Civ. P. 4(m). "Absent a showing of good cause, the district court must still consider whether a permissive extension of time is warranted." *Woolley v. Bd. of Cnty. Comm'rs of Wagoner Cnty., Okla.*, No. CIV-21-159-SLP, 2025 WL 1707641, at *4 (E.D. Okla. June 18, 2025) (citing *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)). Although Plaintiff has not shown good cause for waiting well past the 90-day deadline to seek an extension of that deadline, the Court will grant Plaintiff a permissive extension of time to serve the individual Defendants who are no longer employed by the County. Accordingly, the Court QUASHES the OTSC, and grants Plaintiff

---

has not shown the signer was authorized by appointment, by law, or by rule, to accept service of process for Defendant Porter. *See* NMRA, Rule 1-004(E)(3).

[2] *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

[3] *See* D.N.M. LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) calendar days, no steps are taken to move the case forward.").

an additional forty-five (45) days to complete service on Defendants Porter, Lee, Gustamantes, and Moya-Sanchez. If Plaintiff is unable to complete service by the extended deadline, he should file a motion before the extended deadline expires demonstrating due diligence in attempting to serve the Defendants in question and good cause for a further extension of the service deadline.

SO ORDERED this 8th day of July 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE